This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**SARAH MANN,**

Petitioner-Appellee,

v.                                                      **NO. 31,410**

**FARRELL THURSTON,**

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**James T. Martin, District Judge**

Holt, Babington, Mynatt, Martinez, P.C.
Blaine Mynatt
Las Cruces, NM

for Appellee

Martin, Lutz, Roggow & Eubanks, P.C.
David P. Lutz
Las Cruces, NM

for Appellant

Law Office of Marci Beyer
Marci Beyer
Las Cruces, NM

Guardian ad litem

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

Appellant ("Father") appeals from an order denying the child support modification portion of his motion to reconsider filed August 4, 2009. [RP 347] We proposed to affirm in a notice of proposed summary disposition, and Father has filed a timely memorandum in opposition. After duly considering the arguments made by Father in his memorandum in opposition, we remain unpersuaded that affirmance would be in error. Therefore, we affirm the district court's order denying the child support modification portion of Father's motion to reconsider.

As discussed more completely in our notice of proposed summary disposition, Father filed a motion on August 4, 2009, asking the district court to reconsider some of its earlier orders, and requesting in part that the district court issue a protective order for the release of Father's financial information for child support determination and then recalculate child support in light of the change in Father's financial circumstances. [RP 265-269] After a hearing, the district court entered an order on Father's motion on November 30, 2009. [RP 305-307] As to child support recalculation, the district court found that this issue was not ripe because Father had

yet to furnish his financial information. [RP 306] The court ordered the parties to prepare a stipulated protective order regarding disclosure of financial information. [RP 306] The district court also instructed the parties to engage in good faith efforts to agree on a recalculated amount of child support after Father disclosed his financial information. [RP 306] If the parties were unable to agree upon reasonable support payments, they should request a hearing for determination by the district court. [RP 306]

A stipulated protective order for disclosure of the parties' financial information was filed the same day. [RP 303] Apparently, Mother had already provided her financial records to Father. [RP 295]

On May 11, 2011, Father requested a setting on the child support modification portion of [his] motion to reconsider and withdraw the appointment of the guardian ad litem, determine educational placement, child support modification, protective order. [RP 346] In his request for setting, he gave no indication as to whether he had complied with the November 30, 2009 order. Furthermore, his request for setting was not accompanied by a motion or any other information or exhibits. *See* Rule 1-007.1(A) NMRA ("All motions, except motions made during trial, or as may be permitted by the court, shall be in writing and shall state with particularity the grounds and the relief sought."); *and* Rule 1-007.1(G) ("A request for hearing shall be filed at

3

the time an opposed motion is filed."). In short, there is nothing in the record to indicate that Defendant ever complied with the November 30, 2009 order by providing the required financial information to Mother, or by engaging in good-faith efforts with Mother to reach an agreement on child support.

Based upon Father's failure to do more than request a "setting" without making any showing of compliance with the earlier order, we proposed to affirm. We also proposed to affirm because we erroneously characterized Father's request for hearing on May 11, 2011 as a motion to reconsider. Father has corrected our error, and we now understand that his May 11, 2011 filing was a request for a hearing on the issue of child support that was not ripe at the time of the district court's November 30, 2009 order. Nonetheless, as discussed in our previous notice, our review of the record indicates that the district court did not err in denying Father's request for a hearing because Father never apprised the district court of whether he had complied with its previous order to furnish financial information or negotiate in good faith with Mother. *See* Rule 1-007.1(A) and (G). [RP 306, 346]

In his memorandum in opposition, Father claims that his request for a hearing on May 11, 2011 was in keeping with the district court's November 30, 2009 order. [MIO 2] He appears to argue that by requesting a setting, he is indicating compliance with the terms of the district court's earlier order to provide the requisite financial

4

information and engage in good-faith efforts with Mother to agree on a recalculated child support amount. [MIO 4] We are unpersuaded because, as previously discussed, the hearing request is not accompanied by any motion or exhibits, and it makes no mention of compliance with the district court's earlier order nor does it set forth any reasons why the district court should conduct a hearing. Moreover, Father does not assert in his memorandum in opposition to our calendar notice that he complied with the district court's November 30, 2009 order.

Father also claims he did not need to provide any additional information with his hearing request because the grounds for recalculating child support were set forth at the time he filed his motion on August 4, 2009. [MIO 5] However, the district court specifically found that, at that time, Father's motion was not ripe. [RP 306] Father never informed the district court if or how circumstances had changed since its earlier order when the issue was not yet ripe. [RP 346]

Father also repeats the argument made in his docketing statement that child support can be modified based upon a change in circumstances. [MIO 6-7; DS 4-5] *See* NMSA 1978, § 40-4-11.4(A) (1991); *Spingola v. Spingola*, 91 N.M. 737, 742, 580 P.2d 958, 963 (1978). Although we agree with Father, this does not excuse him from filing a motion with the district court indicating that he is now entitled to a hearing because he has complied with the district court's November 30, 2009 order.

**Conclusion**

Based upon Father's failure to apprise the district court of his compliance with the requirements set forth in the district court's November 30, 2009 order, we affirm the district court's order denying Father's request for a hearing on the child support modification portion of his motion to reconsider.

**IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**J. MILES HANISEE, Judge**